Viktors **KUZNECOVS**, Petitioner,

v.

Michael B. **MUKASEY**, United States Attorney General, Respondent.

No. 07–1142–ag.

United States Court of Appeals, Second Circuit.

March 10, 2008.

Alejandro Gutierrez, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Terri Scadron, Assistant Director; Corey L. Farrell, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Viktors Kuznecovs, a native of Khazakhstan who is currently stateless, seeks review of a February 22, 2007 order of the BIA affirming the November 22, 2005 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. denying Kuznecovs' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Viktors Kuznecovs,* No. A 95 419 874 (B.I.A. Feb. 22, 2007), *aff'g* No. A 95 419 874 (Immig.Ct.Buffalo, Nov. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court has never held that a petitioner is limited to the "exact contours" of his argument to the agency. *Gill v. INS,*

420 F.3d 82, 85–86 (2d Cir.2005). On the contrary, this Court has held that section 1252(d)(1) does not prevent it from considering "specific, subsidiary legal arguments or arguments by extension," even if those arguments were not presented below. *Id.; see Restrepo v. McElroy,* 369 F.3d 627, 633 n. 10 (2d Cir.2004). In determining which arguments constitute "issues," which must be exhausted, and which constitute "subsidiary arguments," which do not, this Court will examine whether an unexhausted argument "constitutes a ground, in and of itself, on which an IJ's denial of [relief] may be based[.]" *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

Here, Kuznecovs raised all of the issues he presents to this Court in his appeal to the BIA, with the exception of his assertion that the IJ erred by failing to consider the cumulative effect of the violence he suffered. However, this assertion is a subsidiary argument, rather than an unexhausted claim, because Kuznecovs argued before BIA that the IJ erred by finding that he had not established that he suffered past persecution. Accordingly, we shall review the merits of his petition. *See Steevenez,* 476 F.3d at 117.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2nd Cir.2007).

■ We find that the IJ did not violate Kuznecovs' due process rights by failing to inform him of the one-year filing deadline for asylum applications. An IJ is required to inform an alien of his right to apply for asylum and withholding of removal if the alien expresses a fear of persecution or harm in a country where he might be returned. *See* 8 C.F.R. § 1240.11(c)(1). However, because there was no evidence demonstrating that the IJ was aware of Kuznecovs' fear of returning to Latvia, the IJ did not violate his due process rights by failing to inform him of his right to apply for asylum. Although Kuznecovs' asylum claim was time-barred, we may review his remaining claims for relief on the merits. *See* 8 U.S.C. Section 1158(a)(3); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006).

■ The IJ's determination that Kuznecovs failed to establish past persecution was flawed because the record does not support his conclusion that Kuznecovs was a "victim of random violence." In support of this finding, the IJ concluded that because the police claimed to have closed their investigation into his attack due to a lack of evidence, Kuznecovs' persecutors were of "unknown origin." However, the IJ failed to consider Kuznecovs' credible testimony which indicated that the police closed their investigation because they were unwilling to assist him. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (emphasizing that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value"); *Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) (holding that IJ's failure to take the entire record into consideration was error).

Further, while the perpetrators of the various offenses against Kuznecovs and his family members were not identified, this Court has never imposed a requirement that a victim conclusively identify his persecutors. *See Osorio v. INS,* 18 F.3d 1017, 1023–25, 1031 (2d Cir.1994) (finding persecution on account of political opinion where petitioner received two anonymous death threats and several of his fellow union workers were attacked or killed by unidentified armed men).

The IJ also found that Kuznecovs was a victim of random violence because there was no nexus between the incidents he reported and the protected grounds for withholding of removal. *See* 8 U.S.C. § 1101(a)(42). To the contrary, Kuznecovs' testimony indicates that he and his family were subjected to repeated violent attacks and threats based on their Russian ethnicity and his participation in activities opposing Latvian nationalism.

■ In addition, the IJ and the BIA erroneously found that the incidents to which Kuznecovs testified were not "severe enough" to rise to the level of past persecution. In reaching this conclusion, the BIA failed to consider some of the events to which Kuznecovs testified, and the fact that both he and his son sought medical treatment for their injuries. *See e.g., Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (holding that when determining whether an applicant has demonstrated persecution, the agency must view events cumulatively, rather than addressing the severity of each event in isolation). Additionally, the BIA did not address the fact that the incidents which Kuznecovs alleged occurred within a seventeen-month period of time, nor did the BIA adequately consider the effect of the incidents of persecution in the aggregate. *See Manzur v. U.S. Dep't of Homeland Security,* 494 F.3d 281, 291–92 (2d Cir.2007). These incidents are distinguishable from those events that we have found to be "isolated" and "random," in that Kuznecovs alleged circumstances indicating that the persecutors were moti-

vated by his Russian ethnicity and political opinion of opposing Latvian nationalism, and he recounted numerous incidents that occurred over a shorter time period. *See Joaquin–Porras,* 435 F.3d at 181; *see also Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Moreover, the BIA failed to consider the context in which the physical attacks occurred. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (providing that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground.").

The IJ also erred by basing his denial of Kuznecovs' withholding of removal claim on his finding that Kuznecovs failed to establish that he possesses a characteristic that the Latvia government wishes to overcome by punishment. However, Kuznecovs did not claim persecution by the Latvian government; he claimed that the Latvian government was unwilling to protect him from persecution by Latvian nationalists. 8 C.F.R. § 1208.13(b)(1).

■ The IJ's finding that Kuznecovs failed to demonstrate a well-founded fear of persecution likewise requires remand. First, because the IJ's past persecution analysis was flawed, the question of whether Kuznecovs is entitled to a rebuttable presumption of a well-founded fear remains unanswered. *See* 8 C.F.R. § 1208.13(b)(1). In addition, although the IJ found that Kuznecovs would be able to naturalize under new policies in Latvia, and the BIA found that this information constituted a "fundamental change," neither agency addressed the fact that the 2003 Country Report also indicates that restrictions on naturalization are imposed on former Soviet military personnel. In light of the fact that Kuznecovs served in the Russian military, this issue must be addressed on remand. Furthermore, as Kuznecovs argues in his brief to this Court, even if he were able to naturalize in Latvia, the IJ failed to articulate how acquiring citizenship would remedy his fear of being harmed by Latvian nationalists. Accordingly, remand is necessary because it is unclear whether the IJ would adhere to the same determination absent these errors. *See Xiao Ji Chen,* 471 F.3d at 339–40.

■ Finally, Kuznecovs claims that his due process rights were violated because the IJ excluded several of his documentary submissions and allowed him only three hours to present his claim. In the asylum context, due process requires that an applicant receive a "full and fair opportunity to present her claims." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006) (internal citations omitted). With the exception of his medical records, the IJ properly excluded Kuznecovs submissions because they lacked translation certifications and indicia of reliability. See 8 C.F.R. § 1003.33; *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 268 (2d Cir.2006). Moreover, Kuznecovs was not prejudiced by the exclusion of these documents because he was permitted to testify to their content. Lastly, Kuznecovs' due process rights were not violated by the fact that the IJ limited his hearing to three hours because he failed to demonstrate any testimony that he was unable to present. *Li Hua Lin,* 453 F.3d at 104.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part. The stay of removal that the Court previously granted in this petition is VACATED.